**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON STEPHEN SIGUR,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF VALLEY STATE PRISON,<br><br>    Respondent. | Case No.: 1:21-cv-01774-SKO (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE TO CASE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

    Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving a life sentence for his convictions in Yolo County. In this petition, Petitioner challenges a state court determination that he is not entitled to parole consideration under California's Proposition 57. Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief. Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

**I.    PROCEDURAL BACKGROUND**

    In 2012, Petitioner was convicted of 11 counts of contacting or communicating with a minor, one count of kidnapping for purpose of lewd act upon a child, 9 counts of first degree burglary, 20 counts of lewd and lascivious acts upon a child under 14, and failure to register as a transient sex

1

offender. People v. Sigur, 238 Cal. App. 4th 656, 189 Cal. Rptr. 3d 460 (2015). The jury found sexual conduct enhancement allegations true. Id. In a bifurcated proceeding, the trial court found all strike allegations true and sentenced Petitioner to a determinate term of 103 years in prison plus an indeterminate term of 550 years-to-life. Id.

On November 8, 2016, California voters adopted Proposition 57, known as "The Public Safety and Rehabilitation Act of 2016." Proposition 57 granted authority to the Secretary of the CDCR to adopt new regulations governing credit earning for inmates.

Petitioner indicates that he has filed petitions for writ of habeas corpus in the Madera County Superior Court, California Court of Appeal, and California Supreme Court alleging that he is entitled to early parole consideration under Proposition 57 because his convictions are not violent felonies. (Doc. 1 at 3-5.) Petitioner states that the last state petition was denied on September 1, 2021, by the California Supreme Court. (Doc. 1 at 5.)

On December 16, 2021, Petitioner filed the instant federal petition in this Court.

**II.     DISCUSSION**

    A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

    B.     Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is now well established that the application of California's Proposition 57 by state courts does not raise a federal issue; the application is solely a matter of state law.  Sandoval v. CSP Sacramento Warden, 2019 WL 1438554 (E.D. Cal. 2019); Blanco v. Asuncion, 2019 WL 2144452 (S.D. Cal. 2019); Alford v. Doe, 2018 WL 1187542 (C.D. Cal. 2018); Travers v. People of California, 2018 WL 707546 (N.D. Cal. 2018); Daniels v. CDCR, 2018 WL 489155 (E.D. Cal. 2018). California's Proposition 57 makes parole more available for certain felons convicted of nonviolent crimes. See Travers, 2018 WL 707546 at *3-4.

Because success on a Proposition 57 claim will not necessarily lead to immediate or speedier release, such claims must be alleged as civil rights claims, not habeas claims. See Solano v. Calif. Substance Abuse Treat. Fac., 2017 WL 5640920, at *1-2 (C.D. Cal. 2017) (habeas claims regarding Prop. 57 should be brought in § 1983 action), *rep. and rec. adopted*, 2017 WL 5641027 (C.D. Cal. 2017); McCarary v. Kernan, 2017 WL 4539992, at *2 (E.D. Cal. 2017) (challenge to applicability of Prop. 57 properly brought in civil rights action).

Proposition 57 relief "would not necessarily lead to [petitoner's] immediate or early release from confinement," but rather a discretionary parole hearing where the parole board could decline to grant parole. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016). Therefore, petitioner's claim falls outside the "core of habeas," and it must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action.  Id. at 927-28.

In an appropriate case, a habeas petition may be construed as a civil rights complaint under 42 U.S.C. § 1983. Wilwording v. Swenson, 404 U.S. 249, 251 (1971); see Nettles, 830 F.3d at 935-36. Although the court may construe a habeas petition as a civil rights complaint, it is not required to do so. Since the time when Wilwording was decided, there have been significant changes in the law. For example, the filing fee for a habeas petition is five dollars; for civil rights cases, the fee is now $400 (with $50 of that fee reduced if the prisoner is allowed to proceed in forma pauperis). A prisoner is now required to pay the fee, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his prisoner trust account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Further, Petitioner's petition is not amenable to conversion because it does not name the proper defendant or seek the correct relief. See Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)) (in order to be converted, petition must be "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'")

It is important to note that this court has not determined that a claim would succeed if brought in a civil rights action under 42 U.S.C. § 1983. The court has referred to § 1983 as "potential recourse" because it would be premature in this habeas action to decide whether a claim actually could be stated under 42 U.S.C. § 1983. The Court only decides today that a habeas petition is the incorrect vehicle for a prisoner to pursue enforcement of any federal rights available to him as a result of the passage of Proposition 57.

### III.     ORDER

IT IS HEREBY ORDERED that the Clerk of Court is **DIRECTED** to assign a District Judge to the case.

### IV.     RECOMMENDATION

The Court HEREBY RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

4

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 10, 2022**                               /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE